IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01283-CMA-MEH

GARRY ZIKA,

    Plaintiff,

v.

ROCKY MOUNTAIN PRESTRESS, INC.,

    Defendant.
_____

**SCHEDULING ORDER**
_____

**1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The Scheduling Conference was held on October 23, 2012.  Garry Zika appeared on behalf of himself (Plaintiff).  Susan M. Schaecher appeared on behalf of Defendant Rocky Mountain Prestress, Inc.

**2.  STATEMENT OF JURISDICTION**

This is an action brought for alleged violations of the Title VII of the Civil Rights Act of 1964, as amended.  Jurisdiction is asserted pursuant to Title VII, 42 U.S.C. §2000e-5.

**3.  STATEMENT OF CLAIMS AND DEFENSES**

    a.    Plaintiff:  Sexual harassment, retaliation, national origin, religion and race. My civil rights were violated under Title VII of the Civil Rights Act of 1964.

b. Defendant: Defendant filed Defendant's Motion to Dismiss and Brief in Support of Motion on September 4, 2012, to which Plaintiff has not responded. Defendant employed Plaintiff as a laborer from June 28, 2010 until April 29, 2011, when it laid him off along with 12 other employees due to lack of work.  Defendant has filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims because Plaintiff's claims are barred by claim preclusion.   Plaintiff previously filed the same claims against Defendant in the District Court for the City and County of Denver.  The state court dismissed the claims for failure to prosecute, and Plaintiff is precluded from raising the claims again before this Court.  The claims, parties and subject matter are the same as those in his previous suit and the claims could have been litigated then.  Further, Plaintiff's complaint fails to state a claim upon which relief can be granted.  Plaintiff failed to mitigate his damages, if any, and to protect himself from avoidable consequences.  At all times relevant hereto, Defendant treated Plaintiff consistently and fairly with all other employees similarly situated.  Defendant had legitimate business justifications for its actions in relationship to Plaintiff.  Defendant exercised reasonable care to prevent and correct harassment.  Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendant or to avoid harm otherwise.  Plaintiff failed to avail himself of defendant's procedures and processes for complaints, including complaints and reports of discrimination. Defendant made good faith efforts to comply with Title VII.  Plaintiff is not entitled to the relief requested.  Defendant incorporates by reference any additional defenses that may later be set forth in an answer to the Complaint.

  c.  Other Parties:  None

## 4. UNDISPUTED FACTS

The following facts are undisputed:

  a.  Plaintiff is a citizen and resident of the State of Colorado.

  b.  RMP is a Colorado corporation located at 5801 Pecos Street, Denver, CO 80221.

## 5. COMPUTATION OF DAMAGES

  a.  Plaintiff: $10,000,000: Future lost wages, mental anguish, embarrassment and losing my job.

  b.  Defendant has not alleged a claim for damages in this action.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P 26(f)

  a.  Date of Rule 26(f) Meeting: Defendant's counsel mailed a draft proposed scheduling order to plaintiff on September 27, 2012. Plaintiff telephoned defendant's counsel on October 2 and, in the course of that conversation, stated he had mailed documents to his attorney. Asked if he was now represented by counsel in this case, plaintiff said he had Legal Shield but did not know if Legal Shield was going to represent him in this case. Defendant's counsel asked plaintiff to have his attorney contact her or, if he was not going to be represented, to call back himself. Defendant's counsel left a voice mail message for plaintiff on October 9 reminding him to have his attorney call or to call. Plaintiff called on October 10 and said Legal Shield was going to let him know in the next three days if it would represent him. On October 12, plaintiff left a voice mail

message that there was still time to submit the proposed scheduling order, he was busy the rest of the day and was waiting for Riggs, Abney, Neal, Turpin, Orbison & Lewis to call him back for legal representation. Defendant's counsel telephoned plaintiff on October 15 and plaintiff said he was still waiting to hear from Legal Shield and Riggs, Abney, Neal, Turpen, Orbison and Lewis. Plaintiff told defendant's counsel what to state in the proposed scheduling order regarding plaintiff's proposals and position.

    b.    Names of each participant and party he/she represented: Mr. Zika represented himself; Ms. Schaecher represented Rocky Mountain Prestress.

    c.    Statement as to when Rule 26(a)(1) Disclosures were made or will be made: defendant proposed the disclosures be made by both parties on or before October 19, 2012 and plaintiff proposes the disclosures be made by both parties on or before January 2, 2013.

    d.    Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1): See 6.c. above.

    e.    Statement concerning any agreements to conduct informal discovery: at this time, there are no agreements to conduct informal discovery.

    f.    The parties have agreed to use a unified exhibit numbering system for exhibits and to the extent possible purge duplicate copies of the same documents.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information (ESI), or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. Plaintiff does not believe there will be any information or

records in electronic form. Defendant does not anticipate that the claims or defenses will involve extensive ESI or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case. The parties discussed opportunities for settlement, plaintiff made a demand and defendant did not accept it.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

### 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: Plaintiff proposes taking 14 depositions. Defendant proposes no changes to the presumptive numbers.

    b.    Limitations which any party proposes on the length of depositions: the parties propose a maximum of seven (7) hours on any single deposition.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission: twenty five (25) Requests for Production and twenty five (25) Requests for Admission per side.

    d.    Other planning or discovery orders: None.

### 9. CASE PLAN AND SCHEDULE

      a.      Deadline for Joinder of Parties and Amendment of Pleadings:  defendant proposed October 12, 2012 and plaintiff proposes January 2, 2013.  **The deadline will be December 7, 2012.**

      b.      Discovery Cut-off:  March 25, 2013.

      c.      Dispositive Motion Deadline:  April 30, 2013.

      d.      Expert Witness Disclosure:

      1.      The parties shall identify anticipated fields of expert testimony, if any, by:  defendant proposes January 15 and plaintiff proposes May 31, 2013.  **The deadline will be January 15, 2013.**

      2.      The parties propose that each side may have no more than two expert witnesses.

      3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed.R.Civ.P. 26(a)(2) on or before:  defendant proposes January 15 and plaintiff proposes May 31, 2013.  **The deadline will be January 15, 2013.**

      4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a)(2) on or before:  defendant proposes February 15 and plaintiff proposes July 5, 2013.  **The deadline will be February 15, 2013.**

      e.      Identification of Persons to be Deposed:  At this time, Plaintiff intends to depose Pete Neal, Sue Maynard, Manuel the lead man, Poncho the crane operator on the load out crew, David Roberts, Ignacio the groundsman on the load out crew, Larry

6

Rodriguez, Willie Rodriguez, Larry Gray, Mr. Espinoza (Local 720), Jennifer Howard, Sheila Montoya and Julian on the load out crew.  Defendant intends to depose Plaintiff and possibly others (to be determined).

      f.      Deadline for Interrogatories:  The parties shall serve interrogatories on opposing counsel no later than 35 days before the discovery cut-off.

      g.      Deadline for Requests for Production of Documents and/or Admissions: The parties shall serve requests for production and/or requests for admission on opposing counsel no later than 35 days before the discovery cut-off.

## 10. DATES FOR FURTHER CONFERENCES

      a.      Status conferences will be held in this case at the following dates and times:

      b.      A final pretrial conference will be held in this case on May 14, 2013, at 9:30 o'clock a.m.  A final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final Pretrial Conference.

## 11. OTHER SCHEDULING MATTERS

      a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:  As noted above, the parties did not agree on the date for making Rule 26(a)(1) disclosures (see section 6(c)), the deadline for joinder of parties and amendment of pleadings (see section 9(a)) and expert witness disclosures (see section 9(d)).

      b.      Anticipated length of trial and whether trial in to the Court or Jury:  three day trial to the Court.

      c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 North Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado:  None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED this 24th day of October, 2012.

BY THE COURT:

S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**SCHEDULING ORDER APPROVED:**

By: _____
Garry Zika
6094 Hoyt Court
Arvada, CO 80004
(720) 329-3487

*Plaintiff*

By:   s/ Susan M. Schaecher
Susan M. Schaecher
Robert R. Miller
Stettner Miller, P.C.
1050 17th Street, Suite 1700
Denver, Colorado 80265-2077
303-534-0273
sschaecher@stetmil.com/
rmiller@stetmil.com

*Attorneys for Defendant*