IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01283-CMA-MEH

GARRY ZIKA,

    Plaintiff,

v.

ROCKY MOUNTAIN PRESTRESS INC.,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 25, 2012.**

    Plaintiff's "Motion to Go to Trial" [filed October 22, 2012; docket #54] is **denied as moot**. Plaintiff's motion, though labeled as a request to go to trial, seeks the Court's assistance in obtaining subpoenas for several individuals. As discussed on the record at the Scheduling Conference in this case, Plaintiff may obtain the relief he seeks directly from the Clerk's Office.

    Additionally, Plaintiff's motion fails to comply with D.C. Colo. LCivR 7.1A. The Court reminds the parties that it "will not consider *any motion*, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel. " D.C. Colo. LCivR 7.1A (emphasis added). It is the responsibility of the moving party to "state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule..." *Id.*

    Finally, Plaintiff's motion lacks any indication of service on Defendant, as required by Fed. R. Civ. P. 5(a)(1)(D) and D.C. Colo. LCivR 5.1G. Rule 5(a)(1)(D) requires that a written motion filed with the Court must be served on every party. Local Rule 5.1G requires, in pertinent part, that "[e]ach paper, other than one filed ex parte, shall be accompanied by a certificate of service indicating the date it was served, the name and address of the person to whom it was sent, and the manner of service."